**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, S.W., Suite 800<br>Washington, DC 20024,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE,<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001,<br><br>Defendant. | ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes agencies'

responses to its requests and disseminates both its findings and the requested records to the public to inform them about "what their government is up to."

4. Defendant United States Department of Justice is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On June 29, 2016 Plaintiff submitted a FOIA request to Defendant, via certified mail, seeking access to the following:

> -- Any and all records and/or transcripts of a meeting held between Attorney General Loretta lynch and former President Bill Clinton on June 28, 2016.
>
> -- Any and all records of communication sent to or from officials in the Office of the Attorney General regarding the meeting held between Attorney General Loretta Lynch and former President Bill Clinton on June 28, 2016.
>
> -- Any and all records of communication sent to or from officials in the Office of the Deputy Attorney General regarding the meeting held between Attorney General Loretta Lynch and former President Bill Clinton on June 28, 2016.
>
> -- Any and all references to the meeting held between Attorney General Loretta Lynch and former President Bill Clinton contained in day planners, calendars and schedules in the Office of the Attorney General.

6. According to U.S. Postal Service records, Plaintiff's request was received by Defendant on July 5, 2016.

7. On December 8, 2016, Defendant acknowledged receipt of Plaintiff's request and assigned the request numbers DOJ-2017-000657 (AG) and DOJ-2017-000674 (DAG).

8. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendants intends to produce or withhold and the

reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

11. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days of receipt. At the latest, the Defendant's determination was due by January 9, 2017. At a minimum, by this date Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See, e.g., Citizens for Responsibility and Ethics in Washington v. Federal Election Commission,* 711 F.3d 180, 188-89 (D.C. Cir. 2013).

13. Because Defendant failed to make a determination with respect to Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 8, 2017

Respectfully submitted,

*/s/ Jason B. Aldrich*
Jason B. Aldrich
D.C. Bar No. 495488
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*